IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

HOF FINANCIAL I, LLC,       )
      )
      Plaintiff,       )   TC-MD 110913C
      )
      v.       )
      )
MARTY WYNNE DESCHUTES COUNTY   )
TAX COLLECTOR,       )
      )
      Defendant.       )   **DECISION**

Plaintiff appeals the property tax assessment for property identified as Account 256030 (subject property) for the 2008-09, 2009-10, and 2010-11 tax years. A telephone trial was held in the Oregon Tax Court, Salem, Oregon on July 18, 2012. Jackson Schmidt (Schmidt), Attorney at Law, Pepple Cantu Schmidt PLLC, testified on behalf of Plaintiff. Carl Swanson (Swanson), Senior Vice President of Housing Capital Company (Housing Capital), appeared on behalf of Plaintiff, but did not testify. John Laherty (Laherty), Assistant Legal Counsel, Deschutes County Legal Counsel, testified on behalf of Defendant.

Plaintiff's Declaration of Swanson, Plaintiff's Exhibits 1-1 through 4-175, and Defendant's Exhibits A through J were received without objection.

I.     STATEMENT OF FACTS

Plaintiff, a Delaware corporation, is a wholly owned subsidiary of Housing Capital, a Minnesota Partnership. (Ptf's Decl at 1, Ex 1 at 2, Ex 3 at 2.) On April 13, 2007, Housing Capital advanced a loan to Elk Horn Land Development, Inc. (Elk Horn) in the amount of $2,950,000, securing the loan against the subject property with a Construction Deed of Trust. (Ptf's Ex 1 at 2, 24.) On September 1, 2010, Elk Horn, and other "Borrower Parties," entered into a Deed in Lieu and Settlement Agreement (Agreement) with Housing Capital, agreeing to

DECISION TC-MD 110913C               1

transfer their interests, including the subject property, to Plaintiff in return for Housing Capital's agreement to "forbear from commencing or pursuing any foreclosure action or proceeding against" the "Borrower Parties," including Elk Horn. (Ptf's Ex 2 at 2, 8; Def's Ex J at 1, 7.) Plaintiff acquired title to the subject property from Elk Horn on September 20, 2010 through a Non-Merger Bargain and Sale Deed and Bill of Sale. (Ptf's Ex 3; Def's Ex I.)

On June 6, 2011, the Deschutes County Assessor (Assessor) issued a Notice of Assessment Correction to Plaintiff, stating that the subject property was "placed in the wrong tax code[,]" and that Defendant intended to correct the tax rolls pursuant to ORS 311.205-232. (Def's Ex A.) The Notice of Assessment Correction also stated that Plaintiff had until June 27, 2011, to "show cause[] why this tax code should not be corrected * * *." (*Id*.) Plaintiff did not attempt to show cause why the tax code should not be corrected. On June 27, 2011, Defendant issued a Notice of Adjustment (Notice) stating that the tax rolls for the subject property will be increased as described below:

| Year | Original Tax | Revised Tax | Increase | Year Increase Reflected |
|------|-------------|-------------|----------|------------------------|
| 2008/2009 | $13,153.18 | $14,782.46 | $1,629.28 | 2011/2012 |
| 2009/2010 | $13,915.69 | $16,237.63 | $2,322.24 | 2012/2013 |
| 2010/2011 | $14,476.98 | $16,829.73 | $2,352.75 | 2013/2014 |

(Def's Ex B.).

On June 27, 2011, the Assessor issued an additional Notice of Assessment Correction to Plaintiff noting the corrections made to the tax rolls and stating that Plaintiff had 90 days to appeal the correction to the Oregon Tax Court. (Def's Ex C.) Plaintiff timely filed an appeal on August 4, 2011. (Ptf's Compl at 1.) Plaintiff argues that the Defendant's adjustment should not be assessed against it because it was not the owner of the subject property for the years in question and that, as a bona fide purchaser, ORS 311.205 is not applicable. (*Id*. at 2.)

/ / /

## II. ANALYSIS

The issues before the court are whether Plaintiff is the party responsible for any additional tax liability resulting from the correction to the tax rolls on the subject property, and whether Plaintiff, as a bona fide purchaser, is exempt from payment of tax liability resulting from the correction to the tax rolls. Plaintiff is not challenging the validity of the correction.

A. *Ownership of subject property*

Plaintiff contends it is not responsible for payment of the increased taxes on the subject property for the 2008-09, 2009-10, and 2010-11 tax years because Plaintiff did not own the subject property for those years. Plaintiff may contest the liability if it has standing to appeal and has filed a timely appeal. A party has standing to appeal as outlined by ORS 305.275, which states in part:[1]

> "(1) Any person may appeal * * * if all of the following criteria are met:
>
> "(a) The person must be aggrieved by and affected by an act, omission, order or determination of:
>
> "* * * * *
>
> "(C) A county assessor or other county official, including but not limited to the denial of a claim for exemption, the denial of special assessment under a special assessment statute, or the denial of a claim for cancellation of assessment; or
>
> "(D) A tax collector.
>
> "(b) The act, omission, order or determination must affect the property of the person making the appeal or property for which the person making the appeal holds an interest that obligates the person to pay taxes imposed on the property. As used in this paragraph, an interest that obligates the person to pay taxes includes a contract, lease or other intervening instrumentality.
>
> "(c) There is no other statutory right of appeal for the grievance.

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2011.

The subject property, which is owned by Plaintiff, has been assessed an increased tax liability by the Assessor and Defendant, therefore Plaintiff is affected. Pursuant to ORS 311.223(4), Plaintiff contests the imposition of additional taxes; ORS 311.223(4) states, in part:

> "Any person aggrieved by an assessment made under ORS 311.216 to 311.232 may appeal to the tax court within 90 days after the correction of the roll as provided in ORS 305.280 and 305.560."

Therefore, Plaintiff has standing to appeal. Plaintiff filed its appeal on August 4, 2011, within 90 days of the June 27, 2011 notice. Thus, Plaintiff has timely appealed.

The question then becomes whether Plaintiff is the party that is legally obligated to pay the tax liability assessed for years prior to Plaintiff's acquisition of the subject property in September 2010. According to ORS 311.205(2), any additional tax liability resulting from corrections for years prior to the current year, "shall be deemed assessed and imposed in the particular year or years as to which the corrections apply." ORS 311.205(2)(b). The additional taxes added to the roll "shall be considered delinquent as of the date the other taxes for the year in which the additional taxes are added to the roll become delinquent." ORS 311.206(1)(b).

The Agreement between Housing Capital and the Borrower Parties expressly states that, "[Housing Capital] is accepting title to the Properties subject to all real property taxes and assessments, including delinquent real property taxes and assessments." (Ptf's Ex 2, pg 17; Def's Ex J, pg 16.) Based on the language of the Agreement, Housing Capital would be the party liable for the correction. However, the court must then determine whether Housing Capital's liability transferred to Plaintiff as of the purchase date.

As the party seeking affirmative relief, Plaintiff bears the burden of proving that it is not responsible for payment of the increased tax liability for the subject property. ORS 305.427. Plaintiff must establish its claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Schaefer v. Dept. of Rev.*, TC No 4530 at 4 (Jul 12, 2001) (citing

*Feves v. Dept. of Rev.*, 4 OTR 302 (1971)).  Plaintiff has not submitted any evidence that Plaintiff did or did not assume the liabilities of Housing Capital.  There is no evidence in the record of an agreement between Plaintiff and Housing Capital, or any other evidence, that would limit Plaintiff's assumption of Housing Capital's property tax liabilities.  Therefore, Plaintiff has not met its burden of proof.

B.    *Bona fide purchaser*

Plaintiff contends that it is exempt from additional tax liability resulting from correction of an error or omission because it is a bona fide purchaser of the subject property.  (Compl. at 2-4.)  Defendant argues that Plaintiff was not a bona fide purchaser because the acquisition of the subject property through a deed in lieu of foreclosure implies compulsion on the part of the seller, and Plaintiff did not give adequate consideration for the subject property.   (*Id.* at Ex 3.)

ORS 311.205(1) authorizes the assessor to correct certain errors.[2]  The statute states in pertinent part:

> "(1) * * * [T]he officer in charge of the roll may correct errors or omissions in the roll to conform to the facts * * * [.]
>
> "(a)  The officer may correct a clerical error.  A clerical error is an error on the roll which either arises from an error in the ad valorem tax records of the assessor, or the records of the Department of Revenue * * * , and which, had it been discovered by the assessor or the department * * * would have been corrected as a matter of course, and the information necessary to make the correction is contained in such records."

ORS 311.205(1).

A bona fide purchaser is granted protection from the imposition of a tax lien by ORS 311.235, which states in pertinent part:

/ / /

/ / /

_____

[2]  All references in Section B of the Decision are to the ORS and OAR in effect in 2009.

"No ad valorem taxes imposed on real property, a manufactured structure or a floating home purchased by a bona fide purchaser shall be a lien on the real property, manufactured structure or floating home unless at the time of purchase the taxes were a matter of public record."

Plaintiff took title to the subject property on September 20, 2010. Plaintiff does not question the validity of the Assessor's correction, which was first made a matter of public record on June, 6, 2011. Therefore, the question must focus on whether Plaintiff was a bona fide purchaser of the subject property and privy to the protection offered by ORS 311.235, which states:

"A bona fide purchaser is an individual purchaser of a fee simple interest in a single property, who acquires the property in good faith, in an arms-length transaction and for fair market value and adequate consideration."

ORS 311.235.

"The Appraisal Institute explains that the term 'arm's-length' involves '[a] transaction between unrelated parties under no duress.' " *Hotchkiss v. Linn County Appraiser*, TC-MD 120097D at 5 (Aug 6, 2012) (citing Appraisal Institute, *The Appraisal of Real Estate* 305 (13th ed. 2008)). This court has been reluctant to consider "foreclosure" sales as "arm's-length transactions" because such sales "may well involve an element of compulsion on the part of the seller." *Kryl v. Lane County Assessor*, TC-MD No 100192B, WL 1197444 *2 (Mar 30, 2011);

The Oregon Supreme Court, in *Ward v. Dept. of Revenue* (*Ward*), recognized that property purchased through foreclosure may be considered "a voluntary *bona fide* arm's-length transaction between a knowledgeable and willing buyer and a willing seller." *Ward*, 293 Or 506, 508, 650 P2d 923 (1982) (emphasis in original). However, this court has also held that "[t]here are narrow exceptions determined on a case-by-case basis to the holding that bank-owned property sales are not typically representative of real market value." *Brashnyk v. Lane County Assessor,* TC-MD No 110308, WL 6182028 at *5 (Dec 12, 2011).

The transfer of title to a property through a deed in lieu of foreclosure may well involve an element of compulsion similar to a foreclosure sale. A grantor in a deed in lieu of foreclosure is transferring its property expressly to forgo foreclosure action, which implies duress on the part of the grantor. Without evidence that the transfer of title to the subject property by deed in lieu of foreclosure was absent any element of compulsion on the part of the grantor, this court cannot conclude that the transfer was an "arm's-length transaction." Plaintiff presented no persuasive evidence that the transaction was arm's-length. Based on the lack of evidence, the court concludes that Plaintiff is not a bona fide purchaser and cannot claim the benefit of ORS 311.235. As Plaintiff's claim fails because it is not a bona fide purchaser, the court does not need to consider the issue of whether Plaintiff gave adequate consideration.

### III. CONCLUSION

After careful review of the evidence presented, the court concludes that Plaintiff was not a bona fide purchaser of the subject property because Plaintiff presented no evidence showing that the transfer of a deed in lieu of foreclosure was an arm's-length transaction. Plaintiff also failed to meet its burden of proof to demonstrate it is not responsible for the additional property tax liability. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal of Defendant's Notice of

Adjustment for tax years 2008-09, 2009-10, and 2010-11 is denied.

Dated this _____ day of  September 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on September 26, 2012.  The Court filed and entered this document on September 26, 2012.*